IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

WHITE PINE INSURANCE COMPANY,

   Plaintiffs,

v.                                                              3:21-cv-00429

INTERSTATE TOWING, LLC,

   Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT ACTION OF WHITE PINE INSURANCE COMPANY

Pursuant to 28 U.S.C. § 2201, Plaintiff White Pine Insurance Company ("White Pine") hereby requests a declaration of legal rights and responsibilities owed to Interstate Towing, LLC, ("Defendant"), under a commercial automobile insurance policy that Plaintiff White Pine provided to Defendant.

1.     The central question in this declaratory judgment action is whether the Policy provides a duty to indemnify Defendant beyond the state mandated minimums for injuries sustained by non-insured driver Frank White, Jr., when he was standing near a vehicle and it ran over is foot/ankle.

2.     White Pine hereby alleges as follows:

**I. THE PARTIES**

3.     Plaintiff White Pine is a Michigan Corporation with its principal place of business in Michigan. White Pine is a citizen of Michigan within the meaning of 28 U.S.C. § 1332(c).

4.     Defendant Interstate Towing, LLC is a West Virginia limited liability company with a principal place of business located at 5748 Camp Creek Road, Huntington, Wayne County,

West Virginia, 25701. Therefore, Defendant is a citizen of West Virginia within the meaning of 28 U.S.C. § 1332(c).

## II. JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The instant matter seeks a judicial determination of whether, pursuant to the terms and conditions contained within the White Pine policy issued to Defendant, to-wit, Policy Number WPCS004542, (the "Policy"), there is a duty to indemnify Defendant for the injuries sustained by Frank White, Jr. beyond the statutory minimum requirements.

6. This action is between citizens of different states and the amount in controversy exceeds the $75,000 jurisdictional minimum.

7. This Court has personal jurisdiction over Defendant as a citizen of West Virginia.

8. This Court has authority to grant declaratory judgment pursuant to 28 U.S.C. § 2201 because White Pine and Defendant are engaged in an actual controversy susceptible to specific relief over the application of provisions in the White Pine insurance policy and any potential ensuing duties. This controversy is within the jurisdiction of the Court.

## III. THE EVENT

9. On or about November 7, 2020, in Huntington, West Virginia, Cabell County, Motorist Robert Hundall who was reportedly delivering a vehicle to Frank White Sr. when the latter's son, Frank White, Jr., (our injured party), had his foot run over by the vehicle driven by Robert Hundall.

10. Frank White, Jr., received medical treatment for his injuries and otherwise claims that he should be compensated to the full limits of the Policy and/or in some other amount above the state mandatory minimum regardless of any applicable Exclusions in the Policy.

## IV. THE WHITE PINE POLICY

11. White Pine issued a Commercial Automobile Insurance Policy to Interstate Towing, LLC, with the Policy number referenced above, effective from January 10, 2020, through January 10, 2021. A true and correct copy of the White Pine policy is attached hereto as Exhibit "A".

12. The Policy contains the following relevant provisions which qualify coverage for bodily injury sustained under the Policy:

13. The Policy contains the following relevant provisions:

**NON-LISTED DRIVER LIMITATION ENDORSEMENT**

This endorsement modifies insurance provided under the following:
**AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**Non-Listed Driver – Minimum Financial Responsibility Limit Applies**

This policy is amended as follows:

The limits for Liability Coverage applicable to all "insureds" are reduced to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged for any claim arising from an "accident" which occurs while a covered "auto" is being driven by any driver who is not listed on this endorsement. …If a provision of this Non-Listed Driver Limitation policy endorsement does not conform to applicable provisions of State compulsory or financial responsibility law limits, the Policy endorsement is hereby amended to comply with such law.

14. The only listed driver on the endorsement is "Davie Baker".

15. Because the injuries to Frank White, Jr. did not relate to any involvement of a listed driver, the limits applicable to claims related to those injuries are those of the state statutory minimum.

16. White Pine does not owe the Defendant or its claimant Frank White, Jr. any duty or coverage beyond the limits of financial responsibility imposed by West Virginia Code § 17D-4-2.

## V. JUSTICIABILITY OF CONTROVERSY

17. The Policy does not provide more than the state mandatory minimum coverage for the injuries sustained and any related costs, expenses, liability, and the like.

18. A real, substantial and immediate controversy exists between Plaintiff on the one hand and Defendant on the other hand. This controversy is ripe for consideration by this Court, and it is clear that Plaintiff has standing to seek declaratory relief. Therefore, this is a justiciable claim.

## VI. STATEMENT OF PRECISE RELIEF SOUGHT

19. Plaintiff White Pine hereby seeks a declaration from this Court that there is no insurance coverage for Defendant under the Policy related to the injuries/damages of Frank White, Jr. other than the minimum required by West Virginia Code § 17D-4-2 and that any recovery, by the insured or through the insured, related to the incident described above is so limited.

Respectfully Submitted,

**HARDIN THOMPSON, P.C.**

*Susan L. Loughran*
Susan L. Loughran, Esquire (WV ID 9690)
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, Pennsylvania 15219
(412) 315-7195
(412) 315-7386 (fax)
sloughran@Hardinlawpc.net
**Attorney for Plaintiff, White Pines Ins. Co.**