# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

WHITE PINE INSURANCE COMPANY,

        Plaintiff,

v.                                                              CIVIL ACTION NO.   3:21-0429

INTERSTATE TOWING, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Mr. Frank White Jr.'s (Movant) Motion to Intervene. ECF No. 5. Movant seeks to intervene in the litigation between White Pine Insurance Co. (Plaintiff) and Interstate Towing, LLC (Defendant), where Plaintiff seeks a declaration from this Court that there is no insurance coverage for Defendant under the insurance policy issued by Plaintiff related to Movant's injuries and damages other than the minimum required by West Virginia Code § 17D-4-2. *See Pl.'s Compl.*, ECF No. 1, ¶ 19. For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

On November 7, 2020, Movant was struck by a vehicle that was operated by a Mr. Robert Hundall and was owned by Defendant. Movant notes that he has undergone multiple surgeries and medical treatments related to his injuries. Movant has filed a Complaint against Defendant in the Circuit Court of Cabell County, West Virginia pursuant to this incident. *See Reply of Movant*, Ex. 1, ECF No. 8.

Plaintiff issued a Commercial Automobile Insurance Policy to Defendant which was effective from January 10, 2020, through January 10, 2021. Movant informed both Defendant and Plaintiff of his intention to make a claim under this insurance policy. Plaintiffs then filed this declaratory judgment action to reduce the amount of coverage offered by the policy to the West Virginia state minimum required amount of $25,000.

Movant argues that he is entitled to intervention as of right under Federal Rule of Civil Procedure 24(a), or alternatively, that the Court may permissibly allow him to intervene under Rule 24(b).

## LEGAL STANDARD

Rule 24(a)(2) of the Federal Rules of Civil Procedure allows intervention as of right when the movant can show "an interest relating to the property or transaction which is the subject of the action" and that the movant "is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *Teague v. Bakker*, 931 F.2d 259, 260 (4th Cir. 1991) (discussing how a movant is entitled to intervene when 1) the movant has an interest in the subject matter of the litigation, 2) the protection of their interests would be impaired because of the action, and 3) their interest is not adequately represented by existing parties).

## DISCUSSION

While the language of Rule 24 itself does elaborate on the nature of the interest requisite for intervention as of right, the Supreme Court has noted that this interest implies a "significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). In *Teague v. Bakker*, the Fourth Circuit found that an "interest contingent upon the outcome of other pending litigation constitutes a significantly protectable interest." *Teague*, 931 F.2d at 261. Further, the Advisory

Committee Notes to Rule 24 state that a movant is entitled to intervene when their position is similar to that of a person under Rule 19, the rule related to joinder of parties. Fed. R. Civ. P. 24, *Notes of Advisory Committee on Rules—1966 Amendment*. The 1966 amended version of Rule 19 stated that a party "shall be joined…if… the person claims an interest relating to the subject of the action and is so situated that disposition of the action in the person's absence may… impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a)(2)(i) (1966). "This suggests that an applicant should be permitted intervention as of right under 24(a)(2) only in those situations when the applicant would be a necessary party under today's Rule 19(a)(1)(B)(i)." *Ohio Valley Envtl. Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 18 (S.D.W. Va. 2015).

Plaintiff argues that Movant's interest is too attenuated to constitute a "significantly protectable interest;" however, it is clear that the potential relief available to Movant hinges on the outcome of this action. Like the movants in *Teague*, Movant here seeks to intervene in a case where the Plaintiff insurer is seeking to limit its duty to indemnify Defendant insured. *See Teague*, 931 F.2d at 260 (discussing how the insurer sought a declaratory judgment providing that the insurer owed the insured no obligation for claims asserted by the *Teague* intervenors in a separate action). The Fourth Circuit found that the *Teague* intervenors had an interest in the subject matter of the declaratory judgment action, as the intervenors stood to "gain or lose by the direct legal operation of the district court's judgment" on the complaint. *Id.* at 261. Movant here too stands to gain or lose by the result of the pending declaratory judgment action. Movant has filed a Complaint against Defendant in the Circuit Court of Cabell County, West Virginia with respect to his injuries caused by Defendant's tow truck. Movant clearly has an interest in the potential significant reduction of the insurance coverage provided for Defendant for the incident that resulted in his injuries. Such interest constitutes a "significantly protectable interest." *Id.*;

*Morgantown Energy Assocs. v. Pub. Serv. Comm'n of W. Virginia*, No. 2:12-cv-6327, 2013 WL 140235, at *3 (S.D.W. Va. Jan. 10, 2013) (explaining that "an interest contingent on the outcome of other litigation is a significantly protectable interest" (citing *Teague*, 931 F.2d at 261)).

Further, Movant's interest would be impacted by this action for a declaratory judgment. If Plaintiff is successful in this action, the amount of insurance coverage provided to Defendant with respect to the incident that caused Movant's injuries would be reduced from $1,000,000 to the mandatory state minimum of $25,000. This significantly impacts the relief that Movant could get in his action against Defendant. *See Teague*, 931 F.2d at 262 (discussing how the declaratory judgment sought limiting the insurance coverage could impact the assets available to satisfy a successful judgment against the insured).

Lastly, it is clear that Movant's interests are not adequately represented by the parties to the current litigation. Defendant's Answer to Plaintiff's Complaint was due to be filed on September 9, 2021. Defendant has wholly failed to participate in this litigation. Thus, Movant's interest in Defendant's insurance coverage is not represented in this matter. *See* Fed. R. Civ. P. 19(a)(2)(i) (1966) (noting that a person is an indispensable party when their "absence may impair or impede his ability to protect that interest"); *JLS, Inc. v. Pub. Serv. Comm'n of W. Virginia*, 321 F. App'x 286, 289 (4th Cir. 2009) (a movant intervenor need only demonstrate "that representation of his interest 'may be' inadequate"—a minimal burden (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Movant's Motion. ECF No. 5.

The Court **DIRECTS** the Clerk to file Movant's Answer to the Complaint. ECF No. 5, Ex. 1.

-5-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:       December 6, 2021

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE