IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WHITE PINE INSURANCE COMPANY,

        Plaintiff,

v.                                          CIVIL ACTION NO.   3:21-0429

INTERSTATE TOWING, LLC,

        Defendant.

FRANK WHITE, JR.,

        Intervenor Plaintiff,

## MEMORANDUM OPINION AND ORDER

Plaintiff White Pine Insurance Company filed an Application for Entry of Default Judgment against Defendant Interstate Towing, LLC on December 27, 2021. ECF No. 14. For the following reasons, the Court **DENIES** this request. ECF No.14.

### BACKGROUND

The driver of a tow truck owned by Defendant Interstate Towing, LLC ran over the foot of Intervenor Mr. Frank White Jr. while making a delivery on or about November 7, 2020, in Huntington, West Virginia. Defendant is insured by Plaintiff White Pine Insurance, Co.

Plaintiff sought a declaratory action in this case finding that there was no insurance coverage for Defendant Interstate Towing, LLC under Defendant's insurance policy relating to the injuries and damages of Frank White, Jr., other than the minimum required by West Virginia Code § 17D-4-2. ECF No. 1. Defendant never answered the Complaint and Default was entered by the

Clerk on December 9, 2021. ECF No. 12. However, the Court permitted Mr. Frank White Jr. to intervene in this matter. ECF No. 9.

Plaintiff requested that the Court enter a default judgment in this matter against Defendant Interstate Towing. ECF No. 14. Intervenor Frank White Jr. responded in opposition to the entry of Default Judgment, asking the Court to postpone its ruling on Plaintiff's Application until the merits of the declaratory action have been adjudicated as to all parties. ECF No. 16.

## DISCUSSION

District courts are permitted to enter default against a properly served, non-responding party under Rule of Civil Procedure 55. When a party has failed to plead or defend themselves, the court may enter a default against that party. Fed. R. Civ. P. 55(a). Once default is entered, all well-pleaded facts alleged in the complaint are considered true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). After default has been entered, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(b). When faced with a scenario where a participating party would be affected by an entry of default judgment against a non-responding defendant, courts have opted to decide the merits of the declaratory action before making such a default judgment. *See State Auto Prop. & Cas. Ins. Co. v. Fas Chek Enters., Inc.*, No. 2:15-cv-00809, 2015 WL 1894011, at *3 (S.D.W. Va. Apr. 27, 2015); *see Nat. Cas. Co. v. Mitchell*, No. 2:16-cv-00576, 2016 WL 3945736, at *2 (S.D.W. Va. July 19, 2016) (denying the application for default judgment to allow the non-defaulting defendants an opportunity to defend the action in its merits).

Other Circuit Courts have addressed the very issue facing this Court. For example, in *Westchester Fire Insurance Co. v. Mendez*, the Ninth Circuit held that a "default entered against an insured policyholder…should not prevent an injured third party… from proceeding on its own

behalf." 585 F.3d 1183, 1189 (9th Cir. 2009). In this case, an insurer sought a declaratory judgment finding that it had no obligation to defend or indemnify its insured against a claim. *Id.* at 1185. An injured third-party intervened in the action. *Id.* at 1186. The district court entered a default and then a default judgment against the non-responding defendant. *Id.* at 1185. Ultimately, the Ninth Circuit held that the injured party should not be precluded by the default of the insured from presenting arguments and having them adjudicated on the merits. *Id.* at 1190. The Third Circuit held similarly in *Federal Kemper Insurance Co. v. Rauscher*, where the court held that the default of the insured should not affect the rights of an injured third party to defend against the declaratory action brought by the insurance company. 807 F.2d 345, 354 (3d Cir. 1986).

Thus, this Court finds that it would be inappropriate to enter a default judgment against Defendant Interstate Towing, LLC before allowing Intervenor Frank White, Jr. to defend against Plaintiff's claim for declaratory relief.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Application for Default Judgment. ECF No. 14.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion Order to counsel of record and any unrepresented parties.

ENTER: April 25, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE